IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MAHONEY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | CIVIL ACTION |
| Plaintiff(s), | Case No. 19-03588 |
| v. | |
| MOUNT AIRY CASINO RESORT, LP | |
| Defendant. | |

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff John Mahoney ("Mahoney") and Defendant Mount Airy Casino Resort # 1 LLC ("Mount Airy")[1] (collectively, the "Parties"), hereby stipulate and jointly request that this Court enter a dismissal with prejudice of Mahoney's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until April 22, 2022, for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the Parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

Mount Airy shall, within twenty-four (24) months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the Website or Websites that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website(s) ("**ADA Compliant**"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Website(s) shall be permitted to link to Websites owned or operated by others containing Third-Party Content that may not be accessible to individuals with disabilities. (The term "**Third-Party**

---

[1] Defendant is incorrectly identified in the caption as Mount Airy Casino Resort L.P.

Content" refers to web content that is not developed, owned, or operated by Mount Airy.) The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court or a U.S. Circuit Court of Appeals renders a decision, pursuant to which the Website(s) is/are not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that Mount Airy will be relieved of the obligations set forth in this Section 2(C). If Mount Airy's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Mount Airy's control, the deadline shall be extended for the length of the delay.

Each party shall bear his or its own fees, costs, and attorneys' expenses.

Dated: April 21, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Joshua A. Brand
1735 Market Street, Suite 3000 |
Philadelphia, PA 19103
Joshua.brand@ogletree.com

*Attorney for Defendant*

GLANZBERG TOBIA LAW, P.C.

By: /s/ David S. Glanzberg
David S. Glanzberg, Esq.
123 South Broad Street, Suite 1640
Philadelphia, PA 19109
david.glanzberg@gtlawpc.com

*Attorney for Plaintiff*

**BY THE COURT:**

/s/ Gerald J. Pappert  4/22/20
Gerald J. Pappert, U.S.D.J.